UPTON *et al. v.* WAYLAND *et al.*

*(Circuit Court, S. D. New York.   November 8, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
   The validity of letters patent No. 348,969, for a lamp-wick raiser, issued September 14, 1886, to Leonard Henkle, not having been adjudicated or recognized by the public, a preliminary injunction to restrain their infringement will not be granted in a suit in which the patentable novelty of the invention is fairly contested.

2. SAME—PUBLIC ACQUIESCENCE.
   The subject of said patent being one of nine patented improvements embodied in the "Rochester lamp," the use of such lamps by the public, with acquiescence in the exclusive right of the owners of the patents, is not a recognition of the validity of this particular patent.

In Equity.   On motion for an injunction.

This is an action by Charles Upton and Edward Miller & Co. against Chandler N. Wayland and Thomas B. Kent for alleged infringement of letters patent No. 348,969, for a lamp-wick raiser, issued September 14, 1886, to Leonard Henkle, and reissue No. 17,090, dated February 8, 1887.

*C. E. Mitchell* and *H. M. Brigham,* for complainants.
*Edwin H. Brown* and *Joshua Pusey,* for defendants.

WALLACE, J.   An examination of the deposition and exhibits used upon the motion for a preliminary injunction does not disclose anything

in the facts of the case to except it from the application of the ordinary rule by which such an injunction is not granted upon a patent of recent date, which has not been adjudicated when the patentable novelty of the improvement described in it is fairly contested, and there has been no well-defined or significant recognition of the validity of the patent by the public. The "wick-raiser" which is the subject of the patent is one of nine patented improvements embodied in the "Rochester lamp." These lamps have been extensively dealt in by jobbers, and used by the public with acquiescence in the exclusive right of the owners of the patents, but this is not cogent evidence of recognition of the novelty, or value of the wick-raiser, or the validity of the patent therefor. *Non constat* that recognition is not due to the other patented improvements. The motion is denied.