FELT & TARRANT MFG. CO. v. MECHANICAL ACCOUNTANT CO.

(Circuit Court, D. Rhode Island.  April 4, 1904.)

No. 2,645.

1. PATENTS—INVENTION—USE OF DEVICES COMMON IN OTHER ARTS.
    To prevent the excessive rotation of a wheel by a stop, either positive or frictional, and to remove the stop to permit the further operation of the wheel, are features so common in machine construction that they cannot be monopolized by any mechanic for the purposes of a particular art.

2. SAME—INFRINGEMENT—ADDING MACHINES.
    A preliminary injunction against infringement of the Felt patent, No. 371,496, for an improvement in adding machines, denied, the patent never having been adjudicated, and it appearing from the showing made that there are serious doubts as to invention and as to the scope and validity of the claims.

In Equity.  Suit for infringement of letters patent No. 371,496 for an adding machine, granted to D. E. Felt October 11, 1887.  On motion for preliminary injunction.

Munday, Evarts & Adcock and Henry Love Clarke, for complainant.

Wilmarth H. Thurston and Warren R. Perce, for defendant.

BROWN, District Judge.  The patent to Felt, No. 371,496, dated October 11, 1887, is for improvements in adding machines, and especially for improvements upon the machine of Felt's prior patent, No. 366,945, dated July 19, 1887.  The patent in suit has not been adjudicated, and the evidence of public acquiescence in the claims in suit is not satisfactory, for the reason that the complainant's commercial machine is not constructed under a single patent, but contains also many features claimed in the prior patent.  See Upton v. Wayland (C. C.) 36 Fed. 691; George Ertel Co. v. Stahl, 65 Fed. 519, 13 C. C. A. 31.  The defendant's machine is constructed under letters patent to Turck, No. 679,348, dated July 30, 1901, and No. 720,086, dated February 10, 1903; and the defendant, upon this hearing, is entitled to the benefit of the presumption, from the grant of letters patent, of a substantial difference between the inventions.  Kokomo Fence Machine Co. v. Kitselman, 189 U. S. 8, 23 Sup. Ct. 521, 47 L. Ed. 689.  It is quite clear that the real questions in the case are much narrower than the reasons advanced by the complainant in support of the petition for a preliminary injunction.  Not only must enlargement of the patent in suit by Felt's prior patent be avoided, but it must also be recognized that Felt's prior patent is in the prior art of this case, and tends to narrow the claims in suit.  The case presents questions which are very close to the line between invention and the application of the ordinary skill of mechanics skilled in the art.  Claims 1, 2, 3, 4, 5, 6, 7, and 22 relate to stop devices for preventing overrotation of numeral wheels.  It is said by the complainant that all of the claims include a "positively acting carrying stop-mechanism" as an essential element.  The function of the stop is to correct the mechanical error of excessive rotation of a nu-

meral wheel. A numeral wheel in a calculating machine is moved in two ways: by impulses from the key-mechanism, and by impulses from the carrying-mechanism. The carrying-mechanism is the means whereby a complete revolution of one numeral wheel causes the next higher wheel in the series to advance one step. The motion of the numeral wheel from either impulse is likely to be excessive. Over-rotation causes inaccuracy in the operation of the machine. This mechanical difficulty of overrotation is common to counting machines in which all impulses are applied to the first wheel of the series, and to calculating machines in which an impulse may be applied by a key-stroke to any wheel of a series. The prior art is full of stop devices to prevent overrotation. It is sufficient, however, at present, to refer to Felt's prior patent, which shows a positively acting detent for this purpose. The pressure of a key causes a detent to engage pins or teeth in the numeral wheel, and thus to stop the wheel; removal of pressure allows a spring to withdraw the detent. The detent of Felt's earlier patent stops rotation only when it is caused by the action of the key-mechanism. The key-mechanism serves not only to set the wheel in motion to perform a mathematical operation, but also to govern the stop which prevents the mechanical error of over-rotation. It is, of course, obvious that a stop device with the limited function of arresting excessive motion of a wheel, or of any other moving part, must not block the operation of the machine. It must be released and taken out of the way to permit the machine to operate. This is one of the commonplaces of machine construction, and had been applied in many forms to adding machines. It was old to provide a stop to prevent overrotation under impulses from key-mechanism, and to have the key-mechanism control the stop. It was also old to provide a stop to prevent overrotation under impulses from carrying-mechanism, and to have the action of carrying-mechanism control the stop. The substance of one of Felt's improvements was to add to his older machine stops to prevent overrotation of the wheel when it was moved by carrying-mechanism. Felt, in his specification, referring to prior stop-motion devices, says:

"The stop-motion device, which remains in action until the wheel of the next lower order is near to the completion of its next revolution, is inapplicable, because it will prevent any movement of the numeral wheel by its own key."

It is apparent that there was no invention in the thought of using both a key-stop and carrying-stop upon a single wheel, or in having key-mechanism control a key-stop, and carrying-mechanism control a carrying-stop. The difficulty which Felt points out is, in substance, that the old carrying-stop, controlled only by carrying-mechanism, will block one of the intended operations of the calculating machine. This was a difficulty that did not arise in a counting machine where the impulses from the keys move directly only the first wheel. The key-board of a calculating machine contains nine keys for each numeral wheel. It is intended that the operator may, at pleasure, operate any one of the numeral wheels by striking a key. If a carrying-stop, controlled only by carrying-mechanism, is

used, this at times will be impossible. Felt introduced a carrying-stop which is controlled by the carrying-mechanism, as in the prior art; but added a new feature, which, so far as I am able to perceive, was not in the prior art. It was necessary to release his carrying-stop when the key-mechanism operated. He applied the familiar idea of using the key-mechanism to control a stop-motion detent. The novelty was that he made the key-mechanism control the carrying-stop at this time. His carrying-stop, therefore, apparently is differentiated from any carrying-stop of the prior art by the fact that it has the additional feature of a release by the key-mechanism.

The defendant argues that it was obvious to any one skilled in the art that when a stop detent is used in connection with a wheel that is adapted to be operated either by key-mechanism or by carrying-mechanism, then the withdrawal of the detent must be controlled by key-mechanism when the wheel is to be operated, by its key-mechanism, and must be controlled by the carrying-mechanism when the wheel is to be operated by the carrying-mechanism. The patentee, after stating in his specification that a carrying-stop which remains in action until near the completion of a revolution of a wheel of lower order will prevent any movement of the numeral wheel by its own key, says:

"Therefore the automatic stop-motion device must be independently released by its own key-mechanism, as well as by the carrying part," etc.

If it was obvious that the carrying-stop must be independently released by the key-mechanism, then there are most serious doubts both upon the question of invention and upon the question of infringement. If Felt and Turck each began to correct this error of overrotation with the obvious requirement that the carrying-stop must be released by the key-mechanism, then, according to my present impression, Turck's device must probably be regarded as substantially different from Felt's. It is by no means clear that the release of carrying-stop by key-mechanism was more than ordinary mechanical skill would have suggested. In the prior art the key-mechanism removed the stop which would otherwise block the movement of the wheel. An additional stop was added to the same wheel. Unless removed, this stop would block the wheel when the key-mechanism operated. The key-mechanism was made to remove that stop also. Was this so broad an improvement that Felt should be given a monopoly of the use of a positively acting detent to stop the overrotation of a numeral wheel under the action of carrying-mechanism?

In Colt's Patent Fire-Arms Mfg. Co. v. Wesson, 127 Fed. 333, in the opinion of the Circuit Court of Appeals for this circuit, it was said:

"The methods of locking and of holding in and out of operative position are innumerable; so that, unless extreme care is used in analyzing patents for inventions relating to that topic, the rule of equivalents, as applicable to alleged infringements, would block the path of invention to an extent which would be unreasonable."

This remark is applicable to this case. To think of preventing excessive rotation of a wheel, of doing this by a stop, whether positive

or frictional, and of removing the stop to permit the operation of parts, are features so common that they cannot be monopolized by any mechanic for the purposes of a particular art. There is ordinarily no more invention in the thought of making a stop positive, as distinguished from frictional, than there is in making it of steel, as distinguished from brass; and, in view of the positive stop of Felt's prior patent, the idea of a positive stop for the wheel, removed by the action of key-mechanism, was old.

Serious questions arise, not only upon the question of invention, but also as to the scope and validity of the claims. The patent is secondary in character. There is a large number of patents dealing directly with the problem of overrotation; and it must not be forgotten that the principal claims of the patent in suit relate not to the general principles of calculating machines, but to a device designed simply for the limited purpose of preventing the mechanical defect of overrotation of a wheel. While the special problem of releasing a carrying-stop detent to permit action of key-mechanism did not confront makers of counting machines, yet such machines are relevant to show the familiar means of controlling stops. In fact, it may be said that the problem of stopping the overrotation of a wheel by a detent, and of releasing the detent to free the wheel, probably ought to be regarded rather as a general problem of machine construction than as a problem in the particular art of counting machines or calculating machines. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 492, 493, 20 Sup. Ct. 708, 44 L. Ed. 856. So far I am rather inclined to the view that Turck was at liberty to provide a positively acting stop against the action of his carrying-mechanism; that he was entitled to operate such a stop by his carrying-mechanism and by his key-mechanism; and that, while there doubtless would be infringement if a broad construction could be placed upon several of the claims, yet the claims probably are not valid unless strictly confined to the detailed constructions of Felt.

Claims 17 and 18 of the Felt patent in suit involve a distinct subject-matter. These claims call for mechanism whereby all of the carrying-stops are simultaneously released prior to the forward rotation of the numeral wheels for the purpose of rotating them to zero. There is a serious controversy as to the validity of these claims. It is contended that set-back mechanism of this general character was old, and that each claim is for a pure aggregation. Upon the whole, I think it clear that the case is not a proper one for a preliminary injunction.

Petition denied.